IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Khammesherma Smith, <br><br>    Plaintiff, <br>    v. <br><br>Ofc. Dalton, Ofc. Pugh, Ofc. Sweat III, Ofc. Robinson, Ofc. Anderson, <br><br>    Defendants. | Case No. 22-cv-02207-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 27) recommending that Plaintiff's complaint be dismissed. Plaintiff filed an objection to the R & R. (Dkt. No. 29). For the reasons set forth below, the Court adopts the R&R as the order of the order of the Court and dismisses Plaintiff's complaint.

**I.    Background**

In his complaint, (Dkt. No. 1), brought pursuant to 42 U.S.C. § 1983, Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights as well has his rights as an inmate. (Dkt. No. 1 at 5) (alleging defendants attacked him and punished him while on shifts); (*Id.* at 6-7) (alleging he was medically ignored and harassed and falsely imprisoned); (*Id.* at 7) (alleging injuries to his face, leg, and neck, and psychological trauma). Plaintiff seeks criminal charges against the defendants and money damages. (*Id.* at 7).

After the Court issued three proper form orders, (Dkt. Nos. 11, 15, 19), the Court issued an order informing Plaintiff that his complaint with was subject to dismissal as drafted and providing him time to correct the deficiencies noted in the order. (Dkt. No. 23 at 8-9). Plaintiff was informed

1

that if he failed to file an amended complaint or cure the deficiencies outlined in the order, his complaint may be dismissed with prejudice. (*Id.*)

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, the Magistrate Judge filed an R&R recommending Plaintiff's complaint be dismissed. (Dkt. No. 27). The Magistrate Judge also recommended that the action be designated a strike under the PLRA.

Plaintiff filed an objection whereby he again stood on the allegations in his complaint. (Dkt. No. 29).

## II. Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because the Plaintiff filed an objection, the Court reviews the R&R *de novo*.

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

2

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

## III. Discussion

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, the Court dismisses Plaintiff's complaint and counts this action as a strike under the PLRA. As explained in detail in the R&R, Plaintiff's complaint is subject to dismissal for various reasons, including but not limited to the fact that it lacks any personal allegations of wrongdoing against the defendants. *See, e.g.*, (Dkt. No. 1 at 5-6) (alleging that the "correctional officers all attacked me" and alleging that "I

was assaulted, harassed, neglected, falsely imprisoned, unlawfully confined, and medically ignored") (errors in original); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) ("[W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."); *see also* R&R, (Dkt. No. 27 at 3-10) (liberally construing Plaintiff's complaint and articulating why Plaintiff's property, excessive force, deliberate indifference to medical need, and supervisory liability claims fail). Additionally, The Magistrate Judge correctly found that Plaintiff's false imprisonment claims are barred by *Heck v. Humphrey*, which requires the plaintiff prove that the conviction or sentence has been reversed or otherwise declared invalid in order to recover for allegedly unconstitutional imprisonment. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's claims barred by *Heck* are dismissed without prejudice.

## IV.   Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 27) as the order of the Court. The Court dismisses Plaintiff's unconstitutional imprisonment claims (the claims barred by *Heck*) without prejudice. The Court dismisses the remainder of the complaint with prejudice. The Court counts this action as a strike under 28 U.S.C. § 1915(g) and notes that this is at least

Plaintiff's second strike, *see Smith v. Palmer*, 6:22-cv-2385-RMG, (Dkt. No. 33). The Clerk is directed to close this action.

      **AND IT IS SO ORDERED.**

                                                  _s/*Richard M. Gergel*_
                                                  Richard Mark Gergel
                                                  United States District Judge

December 8, 2022
Charleston, South Carolina